IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ADRIAN GUTIERREZ MARTINEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES NORFOLK REGIONAL CENTER, KOLTON NEUHAUS, JOSH DIETERMAN, and AMY EREZENSKI,<br><br>Defendants. | 8:22CV184<br><br><br>**MEMORANDUM AND ORDER** |

Plaintiff, Adrian Gutierrez Martinez ("Martinez"), a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Martinez's pro se Complaint (Filing 1) and Amended Complaint (Filing 6).

I. APPLICABLE STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. ' 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds

for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF PLEADINGS

Martinez's original Complaint (Filing 1) was filed on May 18, 2022. His Amended Complaint (Filing 6) was filed June 6, 2022. The Amended Complaint adds a defendant, modifies paragraph 19, and adds new paragraphs 28 through 32. Because Martinez is proceeding pro se, the court will liberally construe the Amended Complaint as a supplemental pleading. *See* NECivR 15.1(b) ("In considering pro se litigants' amended pleadings, the court may consider the amended pleading as supplemental to, rather than as superseding, the original pleading, unless the pleading states that it supersedes the prior pleading.").

The court takes judicial notice that Martinez has been civilly committed to the Norfolk Regional Center ("NRC") as a dangerous sex offender under the Nebraska Sex Offender Commitment Act. *See Martinez v. Whitmire*, Case No. 8:20CV271 (D. Neb.) (habeas corpus proceeding). Defendants include NRC and three of its staff members, who are sued in their individual capacities for damages. In general, Martinez claims his constitutional right were violated because he was disciplined for refusing to consent to a search of his person and because he was retaliated against for filing a tort claim.

## III. DISCUSSION

Martinez indicates this is a civil rights action brought under 42 U.S.C. § 1983. (Filing 1, p. 7; Filing 6, p. 1.) To state a claim under section 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). NRC is a state hospital for the mentally ill, whose programs and services are administered by the Nebraska Department of Health and Human Services. *See* Neb. Rev. Stat. §§ 83-101.06, 83-305. NRC and the Department are immune from suit here. The Eleventh Amendment bars claims for damages by private parties against

a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g.*, *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-447 (8th Cir. 1995). The individual defendants presumably are state employees who were acting under color of state law.

Martinez's constitutional claims are based on "denial of due process and infliction of harsh, cruel and unusual punishment," and "retaliation for exercising the right to petition the state government [by] filing tort claim." (Filing 1, pp. 12).

Although Martinez cites the Eighth Amendment, its protection against "cruel and unusual punishment" only applies to prisoners. *See Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004) ("[B]ecause an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply."). Instead, "[t]he rights of patients in psychiatric hospitals ... arise under the Fourteenth Amendment," which provides civilly committed individuals and other detainees "at least the same level of constitutional protection as the Eighth Amendment does to prisoners." *Nelson v. Shuffman*, 603 F.3d 439, 446 n.3 (8th Cir. 2010) (citation omitted).

The Eighth Circuit has determined that a conditions-of-confinement claim brought by a non-prisoner should be analyzed using an objective "punishment" standard, rather than a subjective "deliberate indifference" standard that applies to Eighth Amendment claims. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902 (8th Cir. 2020); *Karsjens v. Lourey*, 988 F.3d 1047, 1053 (8th Cir.) ("Based on the Supreme Court's pronouncements in *Bell* [*v. Wolfish*, 441 U.S. 520 (1979),] and *Youngberg* [*v. Romeo*, 457 U.S. 307 (1982)], we conclude that the *Bell* standard applies equally to conditions of confinement claims brought by pretrial detainees and civilly committed individuals, as neither group may be punished."), *cert. denied*, 142 S. Ct. 232 (2021).

> The proper inquiry is whether those conditions amount to punishment of the detainee, for, under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt. However, not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense. Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental

3

>objective, it does not, without more, amount to "punishment." The Government has legitimate interests that stem from its need to manage the facility in which the individual is detained. Furthermore, there is a *de minimis* level of imposition with which the Constitution is not concerned.

*Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (citations omitted). In *Smith*, a pretrial detainee alleged he was subjected to an overflowed toilet in his isolation cell for four days and was made to endure the stench of his own feces and urine for those four days. Noting that the plaintiff "did not allege that he was exposed to disease or suffered any other consequences of the exposure," *id.*, at 268, and that "the length of time a prisoner is subjected to harsh conditions is a critical factor in our analysis," *id.* at 269, the Eighth Circuit held there was no constitutional violation.

Martinez complains he was locked out of his room after he refused to submit to a search of his person, which he classifies as "a minor body pat down search" (Filing 1, p. 5.) Martinez alleges the lock-out lasted for "over 72 hours" (Filing 1, p. 5 & ¶ 25; Filing 6, ¶¶ 28, 29), which is inconsistent with his more specific allegations that it lasted "from Saturday May 7, 2022, to late Monday, May 9, 2022" (Filing 1, ¶¶ 15); that the body search request was made at 7:50 a.m. (Filing 1, ¶ 9); and that "on Monday, May 9, 2022, [his] room was finally unlocked after 8:00 p.m. under the condition that he submit to a minor and simple pat down of his body" (Filing 1, ¶ 19). In other words, the lock-out lasted closer to 60 hours. During this period Martinez allegedly was forced to sleep in the day hall sitting in a chair (for 2 nights) and was not allowed to change his clothing (Filing 1, ¶ 16).

This minor disciplinary action is only "a *de minimis* level of imposition with which the Constitution is not concerned." *Bell*, 441 U.S. at 539 n.7 (1979) (quoting *Ingraham v. Wright*, 430 U.S. 651, 674 (1977)). Thus, no plausible claim for relief is stated. *See, e.g., Narcisse v. Kubes*, No. 8:19CV18, 2019 WL 418417, at *4 (D. Neb. Feb. 1, 2019) (placement of civilly committed patient at NRC on 48-hour unit restriction did not provide the basis for a plausible § 1983 claim); *Miller v. Davidson*, No. 4:21CV3092, 2021 WL 4132420, at *8 (D. Neb. Sept. 10, 2021) (no claim stated by pretrial detainee who allegedly was forced to sleep in soiled clothing and not allowed to shower for 24 hours).

4

Martinez also complains he "was subjected to retaliation and harassment … due to filing [a] personal injury tort claim" on April 14, 2022. This tort claim concerned an incident on February 22, 2022, when several NRC staff members, including two of the defendants, allegedly assaulted Martinez and confiscated his legal documents and caselaw materials related to two habeas cases and another civil rights action then pending in federal court (Filing 1, ¶¶ 7, 23). Martinez alleges the defendants retaliated by conducting a weekly room search on May 7, 2020, "to selectively enforce a strictly imposed 12-inch paper limit, including legal materials" (Filing 1, ¶¶ 1, 8). Martinez also alleges the defendants "limit[ed] him to 12 inches of legal paper material [so] as to prevent him from accessing the courts in his pending civil actions" (Filing 6, ¶ 30).

To prevail on a First Amendment retaliation claim, a plaintiff must establish that he was engaged in protected expression and there was a causal connection between the government defendant's retaliatory animus and the plaintiff's subsequent injury. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must *cause* the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* It must also be shown that the adverse action "would chill a person of ordinary firmness from continuing in the [protected] activity." *Just v. City of St. Louis*, 7 F.4th 761, 768 (8th Cir. 2021).

Martinez's pleadings fail to show that the defendants would not have limited him to keeping 12 inches of paperwork in his room "but for" his filing of a tort claim on April 14, 2022—indeed, he alleges the incident on February 22, 2022, which led to the filing of the tort claim, occurred during a similar search and confiscation of legal papers (Filing 1, ¶ 7). Moreover, a person of ordinary firmness would not be chilled from engaging in litigation simply because he was not allowed to keep more than 12 inches of paper in his room. To the extent Martinez may also be asserting a First Amendment claim for denial of access to the courts, he has failed to allege any facts showing that he sustained "actual injury," which is a necessary element for an access-to-courts claim. *See Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the plaintiff must show "that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)).

5

## IV. CONCLUSION

The court finds Martinez's Complaint, as supplemented by his Amended Complaint, is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). Because it does not appear that the pleading deficiencies can be cured, the court will not *sua sponte* grant Martinez leave to amend further. *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719-20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss); *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) ("frivolous claims are futile").

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment shall be entered by separate document.

Dated this 14th day of July 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge